UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MELVIN ANTONIO XAVIER,

                Petitioner,

    v.

ROBERT JACKSON,

                Respondent.

CASE NO. 3:24-cv-05464-JHC-GJL

ORDER ON MOTIONS

This federal habeas action filed pursuant to 28 U.S.C. § 2254 has been referred to United States Magistrate Judge Grady J. Leupold. Before the Court is Petitioner's Motion to Appoint Counsel (Dkt. 9) and Motion for an Extension of Time to Respond to the Answer (Dkt. 13). Upon review, the undersigned **DENIES without prejudice** the Motion to Appoint Counsel (Dkt. 9) and **GRANTS** the Motion for an Extension (Dkt. 13).

I.       **APPOINTMENT OF COUNSEL**

Petitioner filed his Motion to Appoint Counsel on July 24, 2024. Dkt. 9. On July 29, 2024, Respondent filed an Answer to the Petition. Dkt. 10. Respondent has not filed a response to Petitioner's Motion. *See* Dkt.

ORDER ON MOTIONS - 1

1    There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254,

2 unless an evidentiary hearing is required or such appointment is "necessary for the effective

3 utilization of discovery procedures." *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United*

4 *States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894

5 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules

6 Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court also

7 may appoint counsel "at any stage of the case if the interest of justice so requires." *Weygandt*,

8 718 F.2d at 954. In deciding whether to appoint counsel, however, the Court "must evaluate the

9 likelihood of success on the merits as well as the ability of the petitioner to articulate his claims

10 *pro se* in light of the complexity of the legal issues involved." *Id.*

11    In his Motion, Petitioner cites his inability to afford an attorney and his unfamiliarity with

12 the law as reasons necessitating the appointment of counsel in this case. Dkt. 9 at 2. However,

13 the balance of reasons cited by Petitioner in the Motion are issues common to other *pro se*

14 litigants and are not exceptional. Therefore, they do not warrant the appointment of counsel. *See*

15 *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel

16 because plaintiff's "circumstances were not exceptionally different from the majority of the

17 challenges faced by *pro se* litigants) (citations omitted). Further, the Court has reviewed the

18 Petition and Answer and finds that the grounds for relief raised in the Petition do not appear to be

19 so exceptionally complex as to warrant the appointment of counsel at this time. In fact, Petitioner

20 has made numerous arguments to the Court that suggest he is successfully able to articulate his

21 claims *pro se*. However, Petitioner does not demonstrate that he is likely to succeed on the merits

22 of his habeas claims.

23

24

While the Court recognizes the challenges faced by *pro se* litigants in preparing a case without legal counsel, the law dictates that Petitioner's stated conditions, alone, do not compel this Court to appoint counsel. Accordingly, Petitioner's Motion to Appoint Counsel (Dkt. 9) is **DENIED without prejudice**.

## II.      MOTION FOR EXTENSION OF TIME

Petitioner has also filed a Motion for an Extension of Time to Respond to the Answer to his Petition. Dkt. 13. Respondent has not filed a response to Petitioner's Motion. *See* Dkt.

In the Motion, Petitioner requests a 90-day extension of time while he awaits a shipment of his legal documents from his previous place of confinement. *Id*. at 2. Upon consideration of the Motion, the lack of opposition by Respondent, and in the interest of justice to this *pro se* Petitioner, the Motion (Dkt. 13) is **GRANTED** insofar as the Court deems a 60-day extension appropriate. Dkt. 13. Accordingly, Petitioner may respond to the Answer to the habeas Petition on or before **November 18, 2024**. Further, the Clerk of Court is directed to **RENOTE** the Answer (Dkt. 10) for consideration on **November 18, 2024**.

Dated this 18th day of September, 2024.

Grady J. Leupold
United States Magistrate Judge

ORDER ON MOTIONS - 3