UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MELVIN ANTONIO XAVIER,

        Petitioner,

v.

ROBERT JACKSON,

        Respondent.

CASE NO. 3:24-cv-05464-JHC-GJL

REPORT AND RECOMMENDATION

Noting Date: December 9, 2024

    The District Court has referred this action to United States Magistrate Judge Grady J. Leupold. Petitioner Melvin Antonio Xavier, proceeding *pro se* and *in forma pauperis*, filed a federal habeas petition pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkt. 5. Petitioner has raised four grounds for relief. However, Petitioner's grounds for relief are based on state, rather than federal, law. Therefore, the Court recommends Petitioner's habeas Petition be **DENIED** as to all grounds and a certificate of appealability not be issued.

//

//

REPORT AND RECOMMENDATION - 1

# I. BACKGROUND

A. <u>Factual Background</u>

On December 20, 2021, in the Superior Court of Washington for Kitsap County ("trial court"), after pleading guilty, Petitioner was convicted on charges of robbery, unlawful possession of a firearm, harassment, assault, and tampering with a witness. Dkt. 11-1 at 2–3, Ex. 1. The Court of Appeals of the State of Washington ("state court of appeals") summarized the facts of Petitioner's case as follows:

> I. BACKGROUND AND FIRST SENTENCING HEARING
>
> In 2020, Xavier threatened to kill his wife and shot her in the leg. As a result, the State charged Xavier with first degree assault, felony harassment, and two counts of first degree unlawful firearm possession. The State later added charges of fourth degree assault, tampering with a witness, and violating a court order.
>
> Xavier ultimately pleaded guilty to second degree robbery with a domestic violence aggravator, felony harassment, unlawful firearm possession, fourth degree assault, tampering with a witness, and violating a no contact order. As part of his plea, he agreed that the prosecutor's statement of his criminal history was correct and complete.
>
> At a combined plea and sentencing hearing, Xavier's defense attorney discussed the negotiations that led to Xavier's plea. He explained that Xavier had previously been convicted of two strike offenses. First degree assault was also a strike offense, and if Xavier were convicted of this third strike offense, he would have been designated a persistent offender and sentenced to life in prison without the possibility of parole. Former RCW 9A.36.011(2) (1997); former RCW 9.94A.030(33)(a), (38)(a) (2019); RCW 9.94A.570. Xavier instead pleaded guilty to second degree robbery, which was not a strike offense, under *In re Personal Restraint of Barr*, 102 Wn.2d 265, 684 P.2d 712 (1984). RCW 9A.56.210; former RCW 9.94A.030(33) (LAWS OF 2019, ch. 187, § 1). *Barr* allows a trial court to "accept a guilty plea to an amended charge not supported by a factual basis as long as there is a factual basis for the original charge." *State v. Wilson*, 16 Wn. App. 2d 537, 538, 481 P.3d 614, *review denied*, 197 Wn.2d 1018 (2021). The trial court recited Xavier's offender score for each count and Xavier said he understood; he did not offer corrections or object to the trial court's recitation.
>
> The trial court accepted Xavier's guilty plea and proceeded to sentencing. The defense and the State jointly recommended an exceptional sentence of 236 months in prison. Xavier's wife asked for leniency, stating that "if drugs hadn't

REPORT AND RECOMMENDATION - 2

been involved," the incident "wouldn't have happened." Verbatim Rep. of Proc. (VRP) at 63. The trial court nevertheless imposed the sentence the parties recommended. The trial court found that the parties had stipulated that justice would be "best served by the imposition of an exceptional sentence," and it concluded that the parties' stipulation provided "a substantial and compelling reason for an exceptional sentence." Clerk's Papers (CP) at 61. The trial court further concluded that the domestic violence aggravator provided a "sufficient independent basis" for the sentence. *Id*.

## II. RESENTENCING HEARING

After *Blake*, Xavier moved for resentencing because the trial court had calculated his sentencing range using a conviction that *Blake* had invalidated.

At the resentencing hearing, the State said Xavier's offender score for the second degree robbery conviction was 15, and Xavier did not object. The defense and the State jointly recommended a lower exceptional sentence of 144 months in prison. Xavier's wife asked for leniency again, stating that she "strongly [believed]" 12 years was "too much time." VRP at 113. Xavier asked about getting help with reentry into the community through the parent sentencing alternative, although the State explained that he was not eligible. Once again, the trial court imposed the sentence the parties recommended, finding that the parties had stipulated that justice would be "best served by the imposition of an exceptional sentence" and concluding that the stipulation provided "a substantial and compelling reason for an exceptional sentence." CP at 84.

*State v. Xavier*, 28 Wash. App. 2d 1063 (Wash. Ct. App. 2023); *see also* Dkt. 11-1, Ex. 3.

B.  Procedural Background

   1.  *Direct Appeal*

Petitioner was sentenced following his guilty plea, but later moved for resentencing pursuant to *State v. Blake*, 197 Wash. 2d 170 (Wash. 2021). See Dkt. 11-1 at 21, Ex. 3. After resentencing, Petitioner appealed. *See id*. The state court of appeals affirmed Petitioner's convictions and sentence on November 21, 2023. *Id*.

Petitioner sought discretionary review by the Washington Supreme Court ("state supreme court"). Dkt. 11-1, Ex. 8. On April 10, 2024, the state supreme court denied the petition for

REPORT AND RECOMMENDATION - 3

review without comment. Dkt. 11-1, Ex. 11. The state court of appeals issued its mandate on May 9, 2024. Ex. 11-1, Ex. 12.

      2.    *Federal Petition*

On June 11, 2024, Petitioner initiated this case. Dkt. 1. In his Petition (Dkt. 5), Petitioner raises four grounds for relief:

1. The trial court did not exercise its full authority to conduct a new sentencing hearing when sentencing Mr. Xavier;

2. The trial court's finding of Mr. Xavier's criminal history does not accurately support the calculated offender score;

3. The State bears the burden to prove an individual's (Mr. Xavier) criminal history and accurate offender score; and

4. Mr. Xavier's offender score [was] erroneously calculated rendering his judgment and sentence invalid on its face thus entitling him to a resentencing hearing.

Dkt. 5 at 5–10. On July 29, 2024, Respondent filed, and served on Petitioner, an Answer to the Petition. Dkts. 10, 11. The Court granted Petitioner an extension until November 18, 2024, to file a Traverse, *see* Dkt. 14, but Petitioner has not filed a Traverse and the time for doing so has now passed. Thus, Petitioner's habeas Petition is ripe for disposition.

## II.    DISCUSSION

Respondent maintains that Petitioner's four claims, all related to his resentencing in state court, raise mere issues of state law that do not state a cognizable claim for habeas relief under clearly established federal law as determined by the United States Supreme Court. Dkt. 10.

A.    <u>Standard of Review</u>

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable

REPORT AND RECOMMENDATION - 4

application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In interpreting this portion of the federal habeas rules, the Supreme Court has ruled a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts "materially indistinguishable" from relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Moreover, under § 2254(d)(1), "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411; *see Lockyer v. Andrade*, 538 U.S. 63, 69 (2003). An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Williams*, 529 U.S. at 407. In addition, a state court decision involves an unreasonable application of Supreme Court precedent "'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" *Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013) (quoting *Williams*, 529 U.S. at 407). Further, review of state court decisions under § 2254(d)(1) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011).

With respect to § 2254(d)(2), a petitioner may only obtain relief by showing that the state court's conclusion was based on "an unreasonable determination of the facts in light of the

1  evidence presented in the state court proceeding." *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005)

2  (quoting 28 U.S.C. § 2254(d)(2)); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("[A]

3  decision adjudicated on the merits in a state court and based on a factual determination will not

4  be overturned on factual grounds unless objectively unreasonable in light of the evidence

5  presented in the state-court proceedings."). The Court presumes the state court's factual findings

6  to be sound unless the petitioner rebuts "the presumption of correctness by clear and convincing

7  evidence." *Dretke*, 545 U.S. at 240 (quoting 28 U.S.C. § 2254(e)(1)).[1]

8  B.    Grounds 1 – 4

9  In his four grounds for relief, Petitioner challenges the validity of his state sentence,

10  alleging violations of Washington law because, at Petitioner's resentencing in 2021, the trial

11  court allegedly failed conduct a full resentencing hearing and the prosecution did not accurately

12  prove his criminal history. Dkt. 5 at 5, 8 (Grounds 1, 3). As a result, the trial court did not

13  accurately determine his offender score, and that error in his offender score renders his state

14  sentence invalid. *Id*. at 7, 10 (Grounds 2, 4). In the Response to the Petition, Respondent argues

15  that Petitioner raises only state law issues, which are outside the Court's purview.

16  Under 28 U.S.C.§ 2254(a), habeas relief is only available if the petitioner is contending

17  that he "is in custody in violation of the constitution or laws or treaties of the United States."

18  *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). Thus, alleged errors in

19  the application of state constitutional, statutory, or decisional law are not cognizable on federal

20  habeas review unless the petitioner can meet the threshold requirements of 28 U.S.C. § 2254(d).

21  *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (reiterating that "it is not the province of

---

[1] The Court notes here that, in the instant habeas Petition, Petitioner's claims are a challenge to the application of state law and not the state court's factual findings and, therefore, the Court would review the claims under 28 U.S.C. § 2254(d)(1) rather than § 2254(d)(2).

REPORT AND RECOMMENDATION - 6

a federal habeas court to reexamine state court determinations on state law questions"); *Smith v. Phillips*, 455 U.S. 209, 221 (1982) (federal courts "may intervene only to correct wrongs of constitutional dimension"); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) ("[A]lleged errors in the application of state law are not cognizable in federal habeas corpus."), *cert. denied*, 522 U.S. 811 (1997). As such, "[A] state court's interpretation of state law . . . binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citing *Estelle*, 502 U.S. at 67–58).

Here, the Washington courts have already addressed Petitioner's claims with respect to his 2021 resentencing and found that the new sentence does not violate Washington law. *See* Dkt. 11-1, Ex. 3. Specifically, the state court of appeals found as follows:

> I.   CONSIDERATION OF MITIGATION EVIDENCE
>
> Xavier argues that the trial court erred by resentencing him "without meaningful consideration of mitigation, including [his] evidence of rehabilitation" and his wife's request for a lower sentence. Br. of Appellant at 13. We decline to reach this argument.
>
> A trial court may impose an exceptional sentence where the defendant and the State stipulate that justice would be best served by an exceptional sentence and the court finds such a sentence "to be consistent with and in furtherance of the interests of justice and the purposes of the sentencing reform act." RCW 9.94A.535(2)(a). When a defendant knowingly, intelligently, and voluntarily agrees to an exceptional sentence, they waive their right to review of the sentence. *In re Pers. Restraint of Breedlove*, 138 Wn.2d 298, 311, 979 P.2d 417 (1999).
>
> Here, *Breedlove* is controlling. Xavier waived his right to challenge the exceptional sentence because he agreed to it. The trial court imposed exactly the sentence that Xavier requested. He does not argue, and the record does not suggest, that his decision was not knowing, intelligent, and voluntarily. We therefore decline to reach his argument that the trial court erroneously resentenced him by failing to consider evidence of rehabilitation.
>
> II.   SAME CRIMINAL CONDUCT
>
> Xavier argues that the trial court calculated his offender score incorrectly because his "2001 convictions for second degree robbery and second degree assault

REPORT AND RECOMMENDATION - 7

[constituted] the same criminal conduct and may not be scored separately." Br. of Appellant at 14. He notes that while he did not raise this argument during the post-*Blake* resentencing hearing, he raised it in a 2007 sentencing hearing. We decline to reach this argument.

For purposes of calculating a defendant's offender score, if the sentencing court enters a finding that some or all of the defendant's "current offenses encompass the same criminal conduct[,] then those current offenses shall be counted as one crime." Former RCW 9.94A.589(1)(a) (2015). Crimes constitute the same criminal conduct when they involve the "same criminal intent, same time and place, and same victim." *State v. Westwood*, No. 100570-9, slip op. at 5 (Wash. Sept. 7, 2023). [footnote omitted]. Given that "application of the same criminal conduct statute involves both factual determinations and the exercise of discretion," a defendant who does not argue below that their offenses encompass the same criminal conduct waives this challenge to their offender score on appeal. *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 875, 50 P.3d 618 (2002).

Here, Xavier waived the argument that his convictions for second degree robbery and second degree assault constituted the same criminal conduct. During his 2007 sentencing hearing, Xavier withdrew this argument to take advantage of a plea agreement. *State v. Xavier*, noted at 147 Wn. App. 1026, slip op. at 4 (2008). Xavier did not raise the argument again in his 2020 and 2021 sentencing hearings in this case.

Even if Xavier had not waived the issue, our record does not contain the information necessary to determine whether the two offenses constituted the same criminal conduct. "The party presenting an issue for review has the burden of providing an adequate record to establish such error." *State v. Sisouvanh*, 175 Wn.2d 607, 619, 290 P.3d 942 (2012); *see also* RAP 9.2(b). And Xavier has the burden of proving that his prior 2001 offenses were the same criminal conduct. *State v. Graciano*, 176 Wn.2d 531, 539-40, 295 P.3d 219 (2013). The criminal history section of Xavier's most recent judgment and sentence simply lists the offenses as "Rob 2" and "Assault 2." CP at 71. The preceding judgment and sentence lists the offenses the same way. Neither our record nor the unpublished decision addressing Xavier's 2007 sentencing hearing allows us to determine whether the offenses involved the same intent, time, place, and victim. [footnote omitted]. We therefore decline to address the merits of this issue.

III.   STATEMENT OF ADDITIONAL GROUNDS

In his SAG, Xavier argues that the trial court calculated his offender score incorrectly because he was convicted for attempting to elude in 2002 and that conviction washed out. We decline to reach this argument.

With exceptions that do not apply here, a trial court must not include prior class C felony convictions other than sex offenses in a defendant's offender score

REPORT AND RECOMMENDATION - 8

if, since the defendant's last date of release from confinement for "a felony conviction, if any, or entry of judgment and sentence," the defendant "had spent five consecutive years in the community without committing any crime that subsequently results in a conviction." Former RCW 9.94A.525(2)(c) (2017). Attempting to elude was a class C felony in 2002. Former RCW 46.61.024 (1983).

Here, like the same criminal conduct argument, Xavier waived the argument that his conviction for attempting to elude washed out. As part of his plea, Xavier agreed that the prosecutor's statement of his criminal history was correct and complete. During the resentencing hearing, the State said Xavier's offender score for the most significant crime was 15, and Xavier did not object. Again, Xavier received the exact sentence he requested. And even if the conviction had washed out, the 1 point change would not have made a difference in Xavier's sentence, because his offender score was well above 9 for the most significant crime and the trial court adopted the exceptional sentence both parties requested. *See* former RCW 9.94A.525(8) (stating that if "the present conviction is for a violent offense," a "prior adult nonviolent felony conviction" counts for one point).

Dkt. 11-1 at 24–27.

After Petitioner sought discretionary review of this decision, the Washington Supreme Court affirmed the state court of appeals' decision based on Washington law when it denied review. Dkt. 11-1, Ex. 11.

Here, Petitioner's grounds for relief set forth in this habeas Petition are based on state law. *See* Dkt. 5. While Petitioner mentions certain constitutional concepts such as "due process," "double jeopardy," and "equal protection" in Grounds 2 through 4 (*see id*. at 7, 8, 10), he does not argue any federal constitutional theories or make clear that he is claiming a violation of the federal constitution. *See id*. at 7, 8, 10. Indeed, the state court of appeals decided those grounds, as well as his first ground for relief, solely on state, not federal, law. Dkt. 11-1, Ex. 3. It is not the place of this Court to disturb the state court's determination unless Petitioner shows it violated the Constitution or laws of the United States. *See* 28 U.S.C. § 2254(a). Petitioner has failed to do so here. *See Diaz v. Paramo*, No. CV 18-4102 GW (JC), 2018 WL 8220543, at *6–7 (C.D. Cal. Oct. 17, 2018) ("The fact that petitioner now is attempting to characterize his claims as federal

REPORT AND RECOMMENDATION - 9

constitutional claims is not sufficient to render them such."); *see also Little v. Crawford*, 449 F.3d 1075, 1083 (9th Cir. 2006) ("We cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question."), *cert. denied*, 551 U.S. 1118 (2007); *Langford*, 110 F.3d at 1389 (petitioner may not "transform state-law issue into a federal one merely by asserting a violation of due process"); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (notwithstanding petitioner's characterization of claim as due process violation, claim was matter of state criminal procedure not within purview of federal habeas court), *cert. denied*, 514 U.S. 1026 (1995); *Hendricks v. Zenon*, 993 F.2d 664, 674 (9th Cir. 1993) (notwithstanding petitioner's argument that due process rights were violated, claim exclusively concerned state law and therefore was not cognizable in a federal habeas corpus proceeding).

Moreover, even if Petitioner's claims did rest upon clearly established federal law, it cannot be said that the state court's decision was contrary to, or an unreasonable application, of such federal law.[2] The state court of appeals reasonably determined that the trial court properly resentenced Petitioner under Washington law because Petitioner did not prove otherwise. Dkt. 11-1 at 24–27, Ex. 3. As the state court held, "Xavier received the exact sentence he requested." *Id.* at 27, Ex. 3.

In sum, as Petitioner alleges violations of state law alone, the Court is bound by the state courts and there is no basis for relief under 28 U.S.C. § 2254. *Bradshaw*, 546 U.S. at 76 (citing *Estelle*, 502 U.S. at 67–58). The Court recommends all four grounds for relief in the Petition (Dkt. 5) be denied on this basis.

---

[2] To the extent an argument can be made that Petitioner's claims are unexhausted, "a federal court may deny an unexhausted petition on the merits . . . when it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005).

REPORT AND RECOMMENDATION - 10

### III. EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). A hearing is not required if the allegations would not entitle Petitioner to relief under § 2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. Further, the Supreme Court in *Shinn* held that when reviewing a federal habeas petition under 28 U.S.C. § 2254, the federal court may not consider any facts beyond the factual record presented to the state post-conviction relief court – unless one of the limited exceptions of 28 U.S.C. § 2254(e)(2) applies. *Shinn v. Ramirez*, 596 U.S. 366, 382 (2022).

The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this Report and Recommendation, Petitioner's claims may be resolved on the existing state court record.

### IV. CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason

could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. Daniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to the Petition.

## V. CONCLUSION

For the above stated reasons, the Court concludes Petitioner has not shown he is entitled to relief under 28 U.S.C. § 2254. Additionally, an evidentiary hearing is not necessary. Therefore, the Court recommends this Petition be **DENIED** and a certificate of appealability not be issued.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on December 9, 2024, as noted in the caption.

Dated this 25th day of November, 2024.

Grady J. Leupold
United States Magistrate Judge